<u>NOT FOR PUBLICATION</u>

|  |  |  |
|---|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM) PRODUCTS LIABILITY LITIGATION (NO. II) | : : : : | MDL No. 2243 (JAP-LHG) |
| **RELATES TO** | : : : | |
| PATRICK WELSH, et al., | : : | Civil Action No. 12-03259 |
| Plaintiffs. v. | : : : : | **OPINION AND ORDER** |
| MERCK SHARPE & DOHME CORP., et al. | : : | |
| Defendants. | : : | |

**PISANO, Judge**

Plaintiffs Patrick Welch; Laura Bostick; Lana Jean Brownlee and Richard E. Brownlee, her husband; Natalie Casalino and Charles Casalino, her husband; Carolyn L. Clark; Phyllis Clark and Bob Clark, her husband; Mary Joeann Clutts; Jean Eseppi; Judith Hart; Lucille L. McGowan and John McGowan, her husband; Mary K. McKinnon and Fred McKinnon, her husband; Glenda Pace and Virgeon A. Pace, her husband; Jewell Parker and Wiley Parker, her husband; Barbara J. Soukup and Jerry Soukup, her husband; Claudia White and Jim White, her husband (collectively "Plaintiffs") filed a Complaint against defendant Merck Sharpe & Dohme Corp. ("Defendant") and various generic manufacturers.[1]  This matter is raised by the Court *sua*

---

[1] Plaintiffs named Barr Pharmaceuticals, Inc., Barr Laboratories, Inc., Teva Pharmaceuticals USA, Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Mylan Inc. formerly known as Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Apotex Corporation, Sun Pharma Global, Sun Pharmaceutical Industries, Inc., and Watson Pharmaceuticals on behalf of and formerly known as Cobalt Pharmaceuticals Company.  However, these defendants—all generic manufacturers—are dismissed pursuant to Case Management Order No. 7.  (*See* DE 31.)

*sponte*, pursuant to Fed. R. Civ. P. 21, to determine whether Plaintiffs' claims are misjoined under Fed. R. Civ. P. 20(a).

On February 29, 2011, 91 plaintiffs from 28 different states filed a complaint in the Circuit Court for the City of St. Louis, Missouri (hereinafter "original complaint"). (*See* Civil Action No. 11-3045, DE 7.) In that case, the defendants removed the case to the United States District Court for the Eastern District of Missouri, and the case was then transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordinated and consolidated pretrial proceedings. The plaintiffs then filed a motion to remand the action, which the Court granted in part and denied in part on April 3, 2012. (*See* Civil Action No. 11-3045, DE 153.) As part of that ruling, the Court found that all plaintiffs' claims were misjoined under Fed. R. Civ. P. 20(a) and Mo. R. of Civ. P. 52.05. (*See* Civil Action No. 11-3045, Memorandum Opinion at 8, DE 152.) Accordingly, those plaintiffs who were diverse from the defendants were dropped and allowed to file new complaints. (*See* Civil Action No. 11-3045, Order at 2.)

Several of those dropped plaintiffs filed a new action on May 1, 2012 in the Circuit Court for the City of St. Louis, Missouri (hereinafter "new action"). (*See* Complaint; DE 9.) The new action has only 24 of the original 91 plaintiffs listed in the original complaint. (*Id.* ¶¶ 25-39.) The new action was removed to the Eastern District of Missouri and transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordinated and consolidated pretrial proceedings. (*See* DE 1, 28.)

The new action before the Court is substantively identical to the original complaint. Plaintiffs assert claims based upon various state law products liability theories, including, *inter alia*, defective design, failure to warn, negligence, fraud, misrepresentation, breach of express and implied warranties, and loss of consortium. (*See* Complaint ¶¶ 97-183.) The Plaintiffs again

allege that Defendant concealed risks associated with, improperly promoted, and grossly exaggerated the benefits of Fosamax, which is a drug used to treat several bone-related diseases including osteoporosis.  (*Id.* ¶¶ 1, 40.)  Plaintiffs allege that, as a result of Defendant's conduct, Plaintiffs suffered "long bone" fractures, (*id.* ¶¶ 1, 24-39), but Plaintiffs do not identify with any specificity which long bone or bones each individual injured.  Rather Plaintiffs state that they "have suffered and may continue to suffer severe and permanent personal injuries, including weakened or brittle bones, multiple stress fractures, and low energy femoral fractures . . . ."  (*Id.* ¶ 42.)  Plaintiffs' claims in the new action are identical to those found to be misjoined in the original complaint, and consequently, the Court again addresses the issue of permissive joinder under Fed. R. Civ. P. 20(a)(1).

In order for Plaintiffs to join their claims into a single action, the claims must (1) arise out of "the same transaction, occurrence, or series of transactions or occurrences;" and (2) contain "any question of law or fact common to all" plaintiffs.  Fed. R. Civ. P. 20(a); *see also* Mo. R. of Civ. P. 52.05.[2]  The purpose of permissive joinder is to "promote trial convenience and expedite the final determination of disputes."  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).

Plaintiffs each broadly allege they suffered "a long bone fracture."  But no Plaintiff undertakes to identify which long bone they fractured, the type of fracture sustained, or how the fracture occurred.  Further, Plaintiffs do not identify the purpose for which they were prescribed

---

[2] Mo. R. of Civ. P. 52.05 provides, in relevant part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."  Missouri's permissive joinder rule is substantively identical to Fed. R. Civ. P. 20(a).  *See Bowling v. Kerry, Inc.*, 406 F. Supp. 2d 1057, 1061 (E.D. Mo. 2005) (citing *State ex rel. Allen v. Barker*, 581 S.W. 2d 818, 826 (Mo. 1979)).

Fosamax, what dose or doses were taken, or how long Plaintiffs took Fosamax. The factual variances among Plaintiffs here are representative of the problem with joining drug product liability claims. "[T]oxic tort cases raise more complicated issues of causation and exposure." *In re Rezulin Prods. Liability Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001). Consequently, joinder of plaintiffs in a drug product liability case in no way promotes judicial efficiency or convenience:

> The plaintiffs . . . allege a defect (or defects) the precise contours of which are unknown and which may have caused different results—not merely different injuries—in patients depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff. They do not allege that they received [the drug] from the same source or that they were exposed to [the drug] for similar periods of time . . . [T]hey do not allege injuries specific to each of them so as to allow the Court to determine how many plaintiffs, if any, share injuries in common.

*Id.* Likewise, in their new action, the 24 Plaintiffs claim injuries in exceedingly vague terms so as to make it impossible for the Court to determine whether or how the Plaintiffs share any connection. Moreover, Plaintiffs' claims involve complicated questions of causation and will thus involve diverging questions of law and fact. Therefore,

IT IS THIS 8th day of August 2012; hereby

ORDERED that Plaintiff Patrick Welch shall proceed as the sole plaintiff in Civil Action No. 12-03259; and it is further

ORDERED that the claims of Plaintiffs Laura Bostick; Lana Jean Brownlee and Richard E. Brownlee, her husband; Natalie Casalino and Charles Casalino, her husband; Carolyn L. Clark; Phyllis Clark and Bob Clark, her husband; Mary Joeann Clutts; Jean Eseppi; Judith Hart;

Lucille L. McGowan and John McGowan, her husband; Mary K. McKinnon and Fred McKinnon, her husband; Glenda Pace and Virgeon A. Pace, her husband; Jewell Parker and Wiley Parker, her husband; Barbara J. Soukup and Jerry Soukup, her husband; Claudia White and Jim White, her husband are SEVERED from the claims of Plaintiff Patrick Welch; and it is further

ORDERED that all severed Plaintiffs, if they so choose, shall have thirty (30) days from the date of this Order to file separate complaints containing the claims plead in the original complaint; and it is further

ORDERED that upon filing separate complaints, if filed in federal court, Plaintiffs' counsel shall notify the Judicial Panel on Multidistrict Litigation that the new civil action is a potential tag-along action; and it is further

ORDERED that severed Plaintiffs are deemed to have ongoing actions in MDL No. 2243 currently before this Court during the time between the date of this Order and the filing, pursuant to this Order, of separate complaints and while their actions are in the process of being transferred to this Court as tag-along actions; and during this time period, severed Plaintiffs continue to be under the obligation of all Case Management Orders issued by this Court; and it is further

ORDERED that for the purposes of the applicable statutes of limitation, or other time bar laws, the filing of separate complaints pursuant to this Order shall be deemed to relate back to the filing date of Plaintiffs' original complaint (February 28, 2011) in so far as the newly filed complaints alleged the same claims as alleged in the original complaint.

/s/ JOEL A. PISANO
United States District Judge